E-FILED
Wednesday, 12 October, 2016  09:54:23 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JAMES RAY PIKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:15-cv-02164-SLD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

ORDER

Petitioner James Ray Piker has filed a motion under 28 U.S.C. § 2255 in which he contends he is entitled to relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). Respondent United States of America ("the Government") concurs. Petitioner is entitled to relief under § 2255. Petitioner's motions,[1] ECF No. 19, joined by the Government, are GRANTED.

**Background**

Subsequent to police seizure of a loaded handgun from his pickup truck, Piker pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Pre-Sentence Investigation Report ("PSR") ¶ 3, Cr. ECF No. 50. Piker entered into a written plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, in which he was treated as an armed career criminal on the basis of four previous convictions in Arizona: two convictions for burglary, one for escape from a prison camp, and one for transportation of a dangerous drug for sale. PSR ¶ 26. The Court accepted the agreement and sentenced Piker to the agreed sentence of fifteen years. Piker did not appeal.

---

[1] Petitioner filed an initial *pro se* motion, ECF No. 1, which was subsequently amended by his appointed counsel, ECF No. 19. Citations to docket entries in Piker's underlying criminal case, *United States v. Piker*, 2:05-cr-20016-JES-DGB-1 (C.D. Ill.), take the form: "Cr. ECF No. __."

1

Piker filed a pro se motion, ECF No. 1, on August 3, 2015 to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that his prior convictions were within the residual clause of the ACCA, which was held unconstitutionally void for vagueness under *Johnson v. United States*, 135 S.Ct. 2551 (2015).  On June 1, 2016, the Court appointed counsel for Piker and on July 19, 2016, an amended petition was filed.  Am. Pet., ECF No. 19.  On August 17, 2016, the Government filed a Response indicating that it agreed Piker's amended motion under 28 U.S.C. § 2255 should be granted.  Resp., ECF No. 21.

**Analysis**

*Johnson* held that the ACCA's "residual clause," 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague, *see* 135 S.Ct. at 2563; *see also United States v. Hurlburt*, 2016 WL 4506717 (7th Cir. Aug. 29, 2016), and therefore an offense not enumerated under 18 U.S.C. § 924(e)(2)(B)(ii), must include "as an element the use, attempted use, or threatened use of force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), to be considered a violent felony.  In *Welch v. United States*, 136 S.Ct. 1257, 1265 (2016), the Supreme Court held that *Johnson's* substantive rule of constitutional law is retroactive to cases on collateral review.

Piker's prior convictions for escape and burglary do not qualify for the ACCA enhancement after the Supreme Court's decision in *Johnson*, 135 S.Ct. at 2563, and its progeny. First, escape is not an enumerated offense and its elements do not require proof that Piker used, attempted to use or threatened to use physical force against a person.[2]  18 U.S.C. § 924(e)(2)(B)(i), (ii). Accordingly, this conviction does not qualify as a violent felony under the ACCA.

---

[2] "A prisoner confined in the state prison who escapes or attempts to escape from the prison, is guilty of a felony, punishable by a term of imprisonment in the state prison for a term of not less than one year nor more than five years . . . ." Ariz. Rev. Stat. § 13-392 (1967).

Second, Piker argues, and the Government agrees, that the Arizona burglary statute does not meet the generic burglary standard required to qualify as a violent felony under the ACCA. Specifically, the statute must forbid the "unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). The Arizona burglary statute only requires proof that "[a] person enter[ed] a building … with intent to commit a felony," Ariz. Rev. Stat. § 13-302(A) (1974), and does not require "unlawful or unprivileged entry." *Taylor*, 495 U.S. at 599; *see State v. Madrid*, 552 P.2d 451, 452 (Ariz. 1976) (holding that "[t]he elements of breaking and unlawful entry are not essential to statutory burglary in Arizona."). Because the burglary statute does not require the use, attempted use or the threat of physical force against a person, 18 U.S.C. § 924(e)(2)(B)(ii), the only basis for the Court to have considered the burglary convictions as violent felonies was under the now-unconstitutional residual clause.

Piker has insufficient violent felony convictions to qualify for a sentence under the ACCA.

## Conclusion

For the reasons stated above, the Court GRANTS Piker's motion, ECF No. 19, and VACATES his sentence. Piker's original §2255 motion, ECF No. 1, and his Motion for Traverse, ECF No. 5, are MOOTED. The Government's Motion to Correct Instanter the Incorrect Exhibits Filed with Its Response to the Petitioner's Motion for Traverse, ECF No. 11, is MOOTED. The Clerk is directed to reassign the associated criminal case, *United States v. Piker*, 2:05-cr-20016-JES-DGB-1 (C.D. Ill.), to Judge Sara Darrow for further proceedings.

ENTERED October 12, 2016

                                                  s/ Sara Darrow
                                                  SARA DARROW
                                      UNITED STATES DISTRICT JUDGE